Johnson, J.
delivered the opinion of the Court.
*505 The only question involved in the present motion is, whether the right of the plaintiff to the slave in dispute is protected by -the saving in the statute of limitations in favor of infants. The authorities all agree, that the assent of the executor is indispensably necessary to give effect to a legacy of chattels, whether it be general, or specific. Co. Lit. 111, a. Until he does assent, the right of possession necessarily abides him, and he alone can maintain trover for the wrongful conversion. Gordon v. Harper, 7 T. R. 11.
The fact relied upon to shew the assent of the executors to the legacy in question, and the only one, is, that Dr. Moore, by whom the plaintiff sues as guardian, is one of the executors; and hence his assent to the legacy is attempted to be inferred. Conceding for the present, that it furnishes plenary proof of the assent; yet more than four years had elapsed between the conversion of the negro by the defendant, and the time of the assent. The right of the executors was then barred, for the reasons before stated, and all that they could assent to, was the right to bring a barren and unprofitable action.
It is contended, however, that the legatee derives his right from the will, and not from the assent of the executor: aud that upon the assent of the executor the right has relation back to the death of the testator; and hence it is concluded, that the tide to the slave in dispute, vested in the plaintiff at that time, and that being then, and still, an infant, he is protected by the statute.
For many purposes, a legacy may well be said to vest in the legatee by relation back to the death of the testator, although the possession and enjoyment is postponed until the assent of the executor is obtained. He is intitled, for instance, to the profits arising from it* and the executor is accountable to him for his management of it ad interim; and so for many other purposes. These are mere equities, and may well exist consistently with the legal rights of the executor. But to suffer it to operate by relation back, as an immediate investiture of the legal estate, is wholly inconsistent with the acknowledged rights- of the executor and creditors. That it does not, for the purpose of barring the operation of the statute of limitations, is clearly settled in the *506 case of Wych v. East India Company, 3 P. Wms. 309. There acj,n^nistrati0l, 0f the estate of the plaintiff’s father was granted unt'l the plaintiff, then an infant, should arrive at twenty-one years of age, ad usmvi et commodum of the infant. The administrator neglected to sue on a contract, by which the defendants were bound to the intestate ; but the son filed his bill against the defendants, within six years after he came of age, to which the statute was pleaded, lit sustaining the plea, the Lord Chancellor remarks, that he “ could not take away the benefit of the staiute from the company who were in no fault, since their witnesses may die, and their vouchers be lost.” And as to the t.r..sr, that was only between the administrator and the infant, and did not affect the company. And he puts, by way of illustration, the case where there is an executor, who neglects to bring bis suit within the time prescribed by the stature ; and Reg. Lib. B. 1733, fol. 448, is cited for authority, that the residuary legatee would be barred.
These remarks would of themselves suffice for the case, but there is a question connected with the concession, that the executor’s being a party to this suit is evidence of his assent to the legaev, which I deem it necessary to notice, as it may be drawn into a precedent; and about which there may be doubts. The acceptance of the legatee is as necessary to intitle him to the legacy, as the assent of the executors; and although that, like tile assent oí the executer, may he presumed from very slight circumstances, the Court would be slow to infer it from the mere act of the executor himself. Now here, the plaintiff is an infant; the legacy left him by the will of his father, was the slave in dispute; and it was incumbent on the executors to deliver him that leg icy. Being still an infant, the plaintiff i$ incapable of entering into any contract, to substitute any thing else in its stead. The bringing of this suit is the only evidence of his acceptance ; and now, we only hear him through his pro-ehein any, or guardian ad litem, who was one of the executors. And what have the executors giveu him in lieu of his legacy? A naked cause of action, which is barred by their own negligence. If of full age, he might have 'contracted to accept this mere bubble; hut even then, it would be a great stretch of liberality, to have presumed it from circumstances so slight. It *507 would, I think, be straining it too far, to presume it against an infant. " '
Colcock, J. and Evans, J. concurred.
Motion refused.